**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, | |
| Plaintiff. | Case No. 1:18-cv-02115 |
| v. | Judge Virginia M. Kendall |
| TANGIERS INTERNATIONAL LLC, | Magistrate Judge Jeffrey Cole |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff Zurich American Insurance Company ("ZAIC") respectfully files this Memorandum in Opposition to the Motion to Dismiss of Defendant Tangiers International LLC ("Tangiers").

## INTRODUCTION

Between 2010 and 2014, ZAIC paid Tangiers millions of dollars for medical management and claims investigation services in connection with ZAIC's Defense Base Act ("DBA") program.  Unbeknownst to ZAIC, Tangiers' billings contained duplicate and excessive charges and charges for services that Tangiers did not actually perform.  Thus, on March 22, ZAIC filed this action seeking damages as compensation for losses incurred as a result of Tangiers' conduct.  ZAIC's four count complaint (the "Complaint") alleges causes of action for breach of contract, breach of express warranties, negligent misrepresentation, and, in the alternative, unjust enrichment.

In its Motion, Tangiers seeks to dismiss ZAIC's Complaint under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Tangiers is a limited liability company ("LLC") and ZAIC's Complaint does not identify the citizenship of Tangiers' members.

As a private company, the information regarding Tangiers' members and their citizenship is uniquely known by Tangiers. Whether or not diversity jurisdiction exists should be easily resolved by limited jurisdictional discovery. A dismissal at this juncture would be uneconomical and particularly inefficient as nowhere in its Motion does Tangiers assert that this Court in fact lacks jurisdiction or that complete diversity does not exist.

Tangiers also moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts II (Breach of Express Warranties) and IV (Unjust Enrichment) on the grounds that (1) Illinois law does not recognize a breach of express warranty in a services contract, and (2) ZAIC's unjust enrichment claim lacks "factual specificity." However, Tangiers' assertion regarding ZAIC's breach of express warranties claim is belied by a long line of Illinois federal and state court cases that hold otherwise. And Tangiers' argument regarding ZAIC's unjust enrichment claim similarly rings hollow, as this Court has previously held that facts that track closely to those set forth by ZAIC are sufficient to withstand a motion to dismiss.

Accordingly, ZAIC requests that this Court deny Tangiers' Motion to Dismiss and grant ZAIC leave to conduct limited jurisdictional discovery.

## ARGUMENT

**I.    ZAIC's Complaint Should Not be Dismissed Under Federal Rule of Civil Procedure 12(b)(1).**

Tangiers does not assert in its Motion that this Court lacks subject matter jurisdiction over this case. Rather, Tangiers argues that ZAIC's Complaint should be dismissed because ZAIC has not plead the citizenship of Tangiers' members. (DE #16, Def's Mot. at 2.)

As an LLC, Tangiers' citizenship for diversity purposes is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). But federal courts in Illinois, including this Court, recognize that this information is often, as it is here, uniquely

- 2 -

within the knowledge of the LLC. *See, e.g., David v. Bayview Loan Servicing, LLC*, No. 15-cv-9274, 2017 WL 839485, at *4 (N.D. Ill. Mar. 3, 2017) (acknowledging that it may be difficult for plaintiff to identify the defendant LLC's members and their citizenship); *Emplrs. Preferred Ins. Co. v. C&K Hotel Grp., LLC*, No. 15-cv-1500, 2016 WL 755600, at *3 (C.D. Ill. Feb. 25, 2016) (defendant LLC is "the party in the best position to know the citizenships of its own members").

Accordingly, federal courts across the country have permitted plaintiffs to conduct discovery to ascertain the citizenship of an LLC's members. *See, e.g., Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108-09 (3d Cir. 2015) (recognizing that "[d]istrict courts have the authority to allow discovery in order to determine whether subject-matter jurisdiction exists" and noting that such discovery "will usually be less burdensome than merits discovery, given the more limited scope of jurisdictional inquiries. . . ."); *Higgins v. Deep Discounts, LLC*, No. 4:18cv00084, 2018 WL 1695533, at *4 (E.D. Mo. Apr. 6, 2018) ("Allowing the litigants to engage in discovery to ascertain the state(s) of citizenship of each of this unincorporated Defendant's members is reasonable"); *250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 341 (W.D.N.Y. 2017) (noting the defendant could seek leave from the court to conduct jurisdictional discovery to ascertain citizenship of plaintiff LLC's members in connection with notice of removal); *Godiciu v. J.P. Morgan Chase Bank, N.A.*, No. 12-60533, 2012 WL 4370263, at *2 (S.D. Fla. Sept. 24, 2012) (granting jurisdictional discovery to allow plaintiffs to ascertain the citizenship of the LLC's members).

Where questions regarding jurisdiction have been raised in a motion to dismiss, this Court has similarly allowed limited discovery on jurisdictional issues. *See, e.g., Duracell U.S. Operations, Inc. v. JRS Ventures, Inc.*, No. 17 C 3166, 2018 WL 704686, at *1 (N.D. Ill. Feb. 5, 2018) (recognizing plaintiff's right to take, and the court's discretion to allow, jurisdictional

discovery); *Parkside Medical Servs. Corp. v. Lincoln West Hospital, Inc.*, No. 89 C 2233, 1989 WL 75430, at *1 (N.D. Ill., June 20, 1989) ("*reasonable* discovery for purposes of demonstrating that [subject matter] jurisdiction does exist and should be allowed, and . . . failure to permit such discovery would be treated as reversible error") (emphasis in original); *Trading Techs. Int'l v. BCG Partners, Inc.*, No. 10 C 715 (N.D. Ill., Mar. 28, 2011) (Kendall, V.) (granting plaintiff leave to take jurisdictional discovery).

Here, Tangiers is a private company, and the information regarding the citizenship of its members is uniquely within the knowledge of Tangiers. ZAIC's diligent search revealed nothing about Tangiers' members or their citizenship. Tangiers' Motion says nothing about the jurisdiction of its members, nor does it assert that diversity is actually absent as between the parties.

There is no dispute that ZAIC is a citizen of Illinois and New York for diversity purposes. There is complete diversity so long as none of Tangiers' members is a citizen of either of those two jurisdictions. This can be easily established through targeted discovery. In contrast, dismissing ZAIC's Complaint due to the open issue of Tangiers' citizenship would result in a significant waste of time and resources. It would require that ZAIC file its case in state court, only to re-file in this Court if diversity of citizenship is established. The public interest in judicial economy and efficiency clearly militate against this avoidable potential course.

Before ZAIC is deprived of its chosen venue, it seems appropriate that it be allowed tailored discovery within the specific limits set by this Court. ZAIC therefore asks this Court to deny Tangiers' Motion and grant ZAIC leave to conduct limited discovery to ascertain the citizenship of Tangiers' members.

II.   **ZAIC's Complaint Properly States a Claim for Breach of Express Warranties.**

The Court should also deny Tangiers' request to dismiss ZAIC's breach of express

warranties claim because Tangiers is wrong that Illinois law does not recognize such a claim for

services contracts.   (DE #16, Def's Mot. at 3).

Both state and federal courts applying Illinois law have recognized a cause of action for

breach of express warranty in the context of a services contract.   *See, e.g.*, *Cirafici v. Goffen*, 85

Ill. App. 3d 1102, 1108 (Ill. App. Ct. 1980) (reversing trial court's dismissal of breach of

warranty claim arising out of contract to perform dental treatment); *Carrol v Grabovoy*, 77 Ill.

App. 3d 895, 900 (Ill. App. Ct. 1979) (setting forth elements that would need to be met to

establish breach of express warranty in a contract for denture services); *Dunlap v. First Nat'l

Bank*, 76 F. Supp. 2d 948, 961 (C.D. Ill. 1999) ("An action for breach of an express warranty in a

service contract is recognized in Illinois"); *St. Francis Hosp. of Evanston v. De Fever*, No. 94 C

4235, 1995 WL 387793, at *4 (N.D. Ill. June 28, 1995) (genuine issues of material fact preclude

summary judgment in favor of plaintiff on its claim for breach of express warranty with respect

to contract for paneling services); *Board of Managers of Winston Towers No. 4 Condominium

Ass'n v. Westinghouse Electric Corp.*, No. 92 C 0478, 1992 WL 168786, at *4-5 (N.D. Ill. July

13, 1992) (denying defendant's motion to dismiss breach of express warranty claim in

connection with maintenance services contract); *Oak State Prods., Inc. v. Ecolab, Inc.*, 755 F.

Supp. 235, 238-39 (C.D. Ill. 1991) (denying defendant's motion to dismiss claim for breach of

express warranty in contract for fumigation services).

In its Motion, Tangiers relies on *Felley v. Singleton*, 302 Ill. App. 3d 248 (Ill. App. Ct.

1999) and *Belleville Toyota v. Toyota Motor Sales, U.S.A.*, 199 Ill.2d 325 (Ill. 2002), two cases

that have no bearing on ZAIC's ability to bring this cause of action.  These cases merely stand

- 5 -

for the proposition that only contracts for the sale of goods (or those predominately for the sale of goods) are governed by Article 2 of the Uniform Commercial Code ("UCC"). In neither *Felley* nor *Belleville* does the court address whether a cause of action for breach of express warranty is available with respect to a services contract.[1]

Additionally, the same argument Tangiers makes here was rejected by the United States District Court for the Central District of Illinois in *Oak State*. *Oak State* concerned an oral contract between plaintiff Oak State and defendant Ecolab, pursuant to which Ecolab agreed to provide pest fumigation services. 755 F. Supp. at 236. Oak State sued Ecolab alleging, *inter alia*, that Ecolab had breached an express warranty in the parties' contract. *Id.* Ecolab moved to dismiss Oak State's breach of express warranty claim on the grounds that "express warranties are limited to the sales of goods." *Id.* at 236-37. More specifically, Ecolab maintained that (1) "there is no common law warranty outside the [UCC] on which Oak State may rely," (2) "the specific rights and remedies addressed by the [UCC] preempt any common law remedy," and (3) "warranties . . . do not attach to the performance of services." *Id.* at 236.

The court rejected Ecolab's arguments, explaining:

This Court simply cannot agree with the proposition that express warranties cannot exist in service contracts. If this were the case, this would severely limit a party's ability to freely contract. The argument that Article 2 of the [UCC], which applies to transaction in goods, preempts all express warranties in service contracts is simply too broad for this Court to accept. . . . Based upon Illinois case law, this Court believes that Oak State can state a cause of action for the breach of an express warranty in a service contract as several Illinois cases have implicitly recognized such a cause of action exists.

*Id.* at 237. Ultimately, the court denied Ecolab's motion to dismiss plaintiff's breach of express warranty claim. *Id.* at 239.

---

[1]    Indeed, *Felley* dealt with a breach of warranty claim in connection with the purchase of a used automobile, and *Belleville* does not concern a claim for breach of express warranty at all.

Like *Oak State*, ZAIC's breach of express warranty claim is not predicated on the UCC, but rather general contract law. Given that a cause of action for breach of express warranty s alive and well in Illinois, the Court should deny Tangiers' Motion to Dismiss Count II of ZAIC's Complaint.

### III. Tangiers' Motion to Dismiss ZAIC's Alternative Claim for Unjust Enrichment Should be Denied.

Tangiers also seeks to dismiss ZAIC's unjust enrichment claim based on the vague assertion that ZAIC's Complaint lacks the "requisite factual specificity" to satisfy Rule 8 of the Federal Rules of Civil Procedure. (DE #16, Def's Mot. at 4). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citation omitted). "Detailed factual allegations" are not required, rather, the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted)).

In its Complaint, ZAIC alleges that it paid Tangiers invoices that contained duplicate and excessive billings as well as charges for services that were never performed (DE #1, Complaint at ¶ 66), that Tangiers has been unjustly enriched at the expense of ZAIC because Tangiers received compensation while misleading ZAIC regarding the details of services actually performed (*Id.* at ¶¶ 66-67), and that Tangiers is required to compensate ZAIC for these benefits as it would otherwise be inequitable for Tangiers to retain compensation. (*Id.* at ¶¶ 69-70). This Court has already held that facts like that plead in Count IV of ZAIC's Complaint sufficiently allege a plausible claim for unjust enrichment. *See Wabash Castings, Inc. v. Fuji Mach. Am.*

- 7 -

*Corp.*, No. 16 C 3629, 2016 WL 4765717, at \*3 (N.D. Ill. Sept. 13, 2016). Thus, ZAIC has

sufficiently plead unjust enrichment as an alternative cause of action, and the Court should deny

Tangiers' Motion to Dismiss Count IV of ZAIC's Complaint.

## CONCLUSION

WHEREFORE, for the above stated reasons, Plaintiff respectfully requests that this Court

deny the Defendant's Motion to Dismiss and grant Plaintiff leave to take limited discovery on

the jurisdictional issues raised in Defendant's Motion to Dismiss.

Dated: June 7, 2018                          Respectfully submitted,

/s Philip M. Oliss
Philip M. Oliss [6308268]
SQUIRE PATTON BOGGS (US) LLP
Three First National Plaza
70 W. Madison St., Suite 2015
Chicago, IL 60602
P: (216) 479-8448
F: (216) 479-8780
*philip.oliss@squirepb.com*

Deirdre G. Johnson
(admitted *pro hac vice*)
Rachel P. Raphael
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, DC  20037
P: (202) 457-6000
F: (202) 457-6315
*deirdre.johnson@squirepb.com*
*rachel.raphael@squirepb.com*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2018, the foregoing document was served via the Court's

ECF notification system on:

Charles E. Harper [6269908]
John A. Aramanda [6323576]
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, IL 60654
P: (312) 715-5000
F: (312) 715-5155
*charles.harper@quarles.com*
*john.aramanda@quarles.com*

/s Philip M. Oliss_____
Philip M. Oliss [6308268]
SQUIRE PATTON BOGGS (US) LLP
Three First National Plaza
70 W. Madison St., Suite 2015
Chicago, IL 60602
P: (216) 479-8448
F: (216) 479-8780
*philip.oliss@squirepb.com*

Deirdre G. Johnson
(admitted *pro hac vice*)
Rachel P. Raphael
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, DC  20037
P: (202) 457-6000
F: (202) 457-6315
*deirdre.johnson@squirepb.com*
*rachel.raphael@squirepb.com*

010-8636-4051/2/AMERICAS