IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br> *Plaintiff,* <br><br> v. <br><br> TANGIERS INTERNATIONAL LLC, <br><br> *Defendant.* | No. 18 C 2115 <br><br> Judge Virginia M. Kendall |

# ORDER

For the reasons stated below, Defendant's Motion to Dismiss (Dkt. 16) is granted in part and denied in part. The Court dismisses Plaintiff's Complaint (Dkt. 1) without prejudice and grants Plaintiff leave to amend its pleading to sufficiently allege facts establishing subject matter jurisdiction, if possible. The Court also directs the parties to engage in limited jurisdictional discovery into only the membership of Defendant Tangiers International LLC and the citizenship of the member(s). All jurisdictional discovery must be completed by October 4, 2018. Plaintiff must file its Amended Complaint, if it is able to do so, by October 18, 2018. Finally, the Court declines to rule on the merits of the case until the jurisdictional issues are resolved and, therefore, denies Defendant's Motion to Dismiss Counts II and IV.

# DISCUSSION

Plaintiff Zurich American Insurance Company ("ZAIC") filed suit against Defendant Tangiers International LLC ("Tangiers") alleging state-law claims for breach of contract, breach of express warranty, negligent misrepresentation, and unjust enrichment. (Dkt. 1). Tangiers filed a Motion to Dismiss seeking to dismiss the Complaint in its entirety for failure to properly plead

1

diversity jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, to dismiss Counts II and IV of the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 16).

I.      **Motion to Dismiss Complaint Pursuant to Rule 12(b)(1)**

In the Complaint, ZAIC alleges that ZAIC "is incorporated in New York and headquartered in Schaumburg, Illinois" and "Tangiers International LLC is a Louisiana company headquartered in Malta." (*Id.* at ¶¶ 7-8). The Complaint alleges, therefore, that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and the action is between citizens of different states because, "[f]or diversity purposes, ZAIC is a citizen of New York and Illinois and Tangiers is a citizen of Louisiana and Malta." (Dkt. 1 at ¶ 10).

Where jurisdiction depends on diversity of citizenship, the plaintiff bears the burden of establishing that the requirements for diversity are met. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Specifically, the plaintiff "must establish 'complete diversity,' 'meaning that no plaintiff may be from the same state as any defendant.'" *Id.* (quoting *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006)). Here, there is no dispute that that ZAIC is a citizen of New York and Illinois. Therefore, complete diversity exists so long as Tangiers is not a citizen of either New York or Illinois.

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Therefore, the jurisdictional statement for an LLC such as Tangiers "must identify the citizenship of each of its members as of the date the complaint . . . was filed, and, if those members have members, the citizenship of those members as well." *Id.* ZAIC failed to do so, alleging only that Tangiers "is a

Louisiana company headquartered in Malta"—as if Tangiers were a corporation, not an LLC. *See* 28 U.S. § 1332(c)(1) (for purposes of diversity, a corporation is a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business" for purposes of diversity). Therefore, ZAIC has failed to meet its burden of establishing that diversity jurisdiction exists and the Complaint must be dismissed. *See, e.g. Baymont Franchise Sys., Inc. v. Calu Hosp., LLC*, 113 F. Supp. 3d 1000, 1001 (N.D. Ill. 2015) (dismissing complaint for failure to demonstrate diversity of citizenship where plaintiff alleged only jurisdictionally irrelevant facts that LLC existed under laws of Illinois and had its principal place of business in Illinois).

In its response to Tangier's Motion to Dismiss, ZAIC requests that in the interest of judicial economy and efficiency, the Court permit ZAIC to conduct limited jurisdictional discovery to ascertain the citizenship of Tangier's members and amend its complaint accordingly rather than force ZAIC to file its action in state court only to refile in this Court if diversity does exist. (Dkt. 24 at 4). Specifically, ZAIC represented to the Court that it had conducted a diligent search for information about Tangiers' members and their citizenship to no avail. (*Id.*) ZAIC argues, however, that such information which is uniquely in within the knowledge of Tangiers can be easily obtained through targeted discovery. (*Id.*)

The Court has authority "to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction." *Mart v. Berkshire Hathaway Inc.*, No. 3:10-CV-118 JTM, 2010 WL 11575057, at *2 (N.D. Ind. Ag. 2, 2010) (citing *Anderson v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.") "However, a plaintiff does not enjoy an automatic right to jurisdictional discovery in every case." *Id.* (citing *Anderson*, 179 F.R.D. at 241);

3

*see also Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499, at *6 (N.D. Ill. Mar. 28, 2014); *Regency Commercial Assocs. LLC v. Action 49 Junction I, LLC*, No. 317CV00143WTLMPB, 2017 WL 5287168, at *3 (S.D. Ind. Nov. 13, 2017). A plaintiff "must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." *Regency Commercial Assocs.*, 2017 WL 5287168, at *3 (citing *Anderson*, 179 F.R.D. at 241). "Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009). But plaintiff may not rely on "bare," "attenuated," or "unsupported assertions" of jurisdiction to justify discovery. *Id.*; *Mart*, 2010 WL 11575057, at *2 (citing *Anderson*, 179 F.R.D. at 239); *Gilman Opco*, 2014 WL 1284499, at *7.

Courts have generally permitted limited discovery where the motion to dismiss makes a factual challenge to the jurisdictional allegations in the complaint. *See, e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444–45 (7th Cir. 2009) (distinguishing between a facial attack that challenges the sufficiency of allegations of jurisdiction in the pleadings on their face and a factual attack that challenges the truth of the jurisdictional facts alleged in the pleadings). ZAIC cites to some of these cases in support of its request for jurisdictional discovery. *See, e.g.*, *Parkside Med. Servs. Corp. v. Lincoln W. Hosp., Inc.*, No. 89 C 2233, 1989 WL 75430, at *1 (N.D. Ill. June 20, 1989) (allowing jurisdictional discovery where defendant's motion to dismiss was a factual attack upon the jurisdictional allegations of the complaint); *Lester-Washington v. Wal-Mart Stores, Inc.*, No. 11-CV-0568-MJR, 2011 WL 4738529, at *2 (S.D. Ill. Oct. 7, 2011) (allowing jurisdictional discovery where motion to dismiss was a factual attack upon the allegations of the complaint). These cases are distinguishable, however, because Tangiers' Motion to Dismiss

4

makes a facial and not factual attack on the Complaint. In fact, the Complaint fails to allege a single fact relevant to Tangiers' citizenship that Tangiers could challenge in the first place.

ZAIC argues also that jurisdictional discovery is warranted because despite reasonable efforts, it has been unable on its own to identify Tangiers' members, let alone each member's citizenship. ZAIC cites to a case, *David v. Bayview Loan Servicing,* LLC, that is instructive here. No. 15-CV-9274, 2017 WL 839485, at *4 (N.D. Ill. Mar. 3, 2017). In *Bayview Loan Servicing*, the district court dismissed a *pro se* plaintiff's complaint for failure to properly allege the citizenship of the defendant LLC but, recognizing that it may be difficult for a pro se plaintiff to identify the members of the defendant LLC, granted the plaintiff leave to amend and required the defendant to submit a statement identifying the citizenship of each of its members. *Id.* at *4. Here, ZAIC is not proceeding *pro se* but has nonetheless been unable after a diligent search to ascertain any information whatsoever about the membership of Tangiers. Therefore, as in *Bayview Loan Servicing*, the Court finds good reason to require cooperation by Defendant before dismissing ZAIC's claims outright. Additionally, other courts have similarly recognized that limited jurisdictional discovery may be warranted where a plaintiff is unable to obtain information as to the membership of an LLC. *See, e.g., Kehrer Bros. Const. v. Custom Body Co.*, No. 05-CV-246-DRH, 2007 WL 1189370, at *2 (S.D. Ill. Apr. 20, 2007) (allowing plaintiff to correct identified jurisdictional deficiencies but advising that "if unable to plead with certainty the membership and citizenship of each defendant LLC, [plaintiff] should instead file a memorandum . . . requesting the opportunity to conduct limited jurisdictional discovery in order to determine whether diversity of citizenship exists); *250 Lake Ave. Assocs., LLC v. Erie Ins. Co.*, 281 F. Supp. 3d 335, 341 (W.D.N.Y. 2017) (granting leave to amend notice of removal to cure defective allegations of citizenship and advising that "if Defendant lacks sufficient information to assert those allegations,

it may seek leave from this Court to conduct jurisdictional discovery to ascertain the citizenship of Plaintiff's members").

Finally, the Court has reason to believe that some of the information ZAIC is requesting has already been exchanged. In its Reply brief, Tangiers represented that in late May, while the parties were briefing the Motion to Dismiss, the parties held communications in which Plaintiff's counsel inquired about Tangiers' members' citizenship and Tangiers' counsel responded to the inquiries explaining the following:

> Tangiers International LLC is 100% wholly-owned by Christopher Catrambone, a U.S. citizen domiciled abroad; that Mr. Catrambone lives in Malta, where he has resided since April 2007; that Mr. Catrambone has not resided in the United States since April 2006; that Mr. Catrambone does not own any real property in the U.S.; and that Mr. Catrambone files a U.S. Tax Return, but does not file any state tax returns.

(Dkt. 25 at 3-4). Based on this information alone, if true, it does not appear diversity jurisdiction exists. *See Newell v. O & K Steel Corp.*, 42 F. App'x 830, 832 (7th Cir. 2002) ("A United States citizen who has a foreign domicile is considered "stateless" for purposes of § 1332(a) and may not invoke diversity jurisdiction."); *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). However, without having reviewed the actual communications between the parties (Tangiers did not attach a copy to its Reply brief) or having heard any response by ZAIC as to how the communications with Tangiers impacts its request for jurisdictional discovery, the Court cannot determine whether the exchange of information as conveyed by Tangiers is accurate or, more importantly, whether ZAIC believes additional discovery, provided under oath and in accordance in Rule 26, is required. Therefore, the Court finds it reasonable to permit the parties to conduct limited discovery to complete the exchange of information that has already begun.

Accordingly, the Court dismisses ZAIC's Complaint without prejudice, grants ZAIC leave to amend its pleading, and directs the parties to engage in limited jurisdictional discovery.

**II.     Motion to Dismiss Counts II and IV Pursuant to Rule 12(b)(6)**

Tangiers also moves to dismiss ZAIC's claim for breach of express warranty in Count II and for unjust enrichment in Count IV for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court must resolve the jurisdictional issue before proceeding to the merits of the case. Therefore, the Court denies Tangiers' Motion to Dismiss Counts II and IV. Tangiers is free to re-raise its challenges to these claims if ZAIC files an amended pleading.

_____
Hon. Virginia M. Kendall
United States District Judge

Date:  August 9, 2018